J-S05005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HUBERT JACKSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ERIC TICE | : | No. 466 WDA 2023 |

Appeal from the Order Entered March 22, 2023
In the Court of Common Pleas of Somerset County
Civil Division at No(s): 443 Civil 2022

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: March 15, 2024**

Hubert Jackson appeals from the order entered in the Somerset County Court of Common Pleas on March 22, 2023, denying his *pro se* "Petition for a Writ of *Habeas Corpus Ad Subjiciendum*." We affirm.

Given our disposition, a detailed recitation of the facts is unnecessary. Jackson was convicted in seven separate cases in Allegheny County over a short period of time in the late 1980s.[1] All seven of his cases were final in the late 1980s or early 1990s. A concise history of the case was provided by the trial court as follows:

> This matter arises out of a petition for writ of *habeas corpus ad subjiciendum* filed by Appellant Hubert Jackson ("Appellant"), an

---

[1] The seven cases are found at dockets CP-02-CR-0001908-1988, CP-02-CR-0003564-1988, CP-02-CR-0003566-1988, CP-02-CR-0000867-1987, CP-02-CR-0008196-1988, CP-02-CR-0003567-1988, and CP-02-CR-0010278-1988.

> inmate residing at SCI- Somerset where Respondent/Appellee Eric Tice serves as superintendent. In the body of the petition, Appellant sought relief from the superintendent individually and in his representative capacity. Specifically, Appellant claimed that he was serving an illegal sentence beyond its expiration and that ongoing confinement would have required the assignment of separate inmate numbers with respect to other sentences he is serving.
>
> Appellant is presently serving a 20 to 40-year aggregate sentence stemming from multiple Allegheny County convictions from 1988 and 1989. Appellant's initial sentence of 2-4 years at case CP-02-CR-1908-1988 was entered on September 20, 1988. Accordingly, the Pennsylvania Department of Corrections ("DOC") assigned an inmate number on September 22, 1988. Between October 12, 1988 and October 18, 1989, Appellant, while still in DOC custody, received an additional seven state sentences.
>
> In response to the petition, DOC filed a suggestion of mootness, arguing that the September 20, 1988 sentence had been fully served as of August 25, 2012 and that Appellant was now serving his other sentences. Appellant filed a response in which he argued that he cannot be held on the other sentences where he has not been assigned a new inmate number.

Trial Court's Statement Pursuant to Pa.R.A.P. 1925(a) filed on August 16, 2023 (footnote omitted).

The instant August 2, 2022, writ was filed in Somerset County, where Jackson is incarcerated. Within the writ, Jackson alleged he is still serving the same sentence, from docket CP-02-CR-0001908-1988, which expired on September 20, 1992, because he was assigned the same inmate number the entire time he has been incarcerated. Jackson alleged that each individual sentence should have been given a new inmate number assigned. It appears that, in the writ, Jackson was alleging he is serving an illegal sentence, and

he requested the trial court order his immediate release. *See* Writ of *Habeas Corpus*, 8/2/22, at 5 (pagination added); N.T. Hearing 3/21/23, at 58.

The trial court held a hearing on Jackson's writ on March 21, 2023. At the hearing, appellee presented the testimony of the Records Administrator from Pennsylvania's Department of Corrections. *See* N.T Hearing, 3/21/23, at 15-16. She explained that inmates are only assigned one inmate number, unless they are paroled and return to the custody of the Department of Corrections on new charges. *See id.* at 22. Jackson has never been paroled. *See id.* at 34-35. The court denied Jackson's writ. Jackson filed a timely appeal.[2]

Jackson has raised two issues in his brief to this Court:

Whether the Court of Common Pleas of Somerset County had jurisdiction over the subject matter of Appellant's sentence?

Whether the Court of Common Pleas of Somerset County had jurisdiction over the subject matter of the DOC's implementation and computation of Appellant's sentence?

Appellant's Brief at 2 (pagination added).[3]

---

[2] The trial court ordered Jackson to file a 1925(b) statement of errors complained of on appeal on April 24, 2023. Jackson complied and filed his statement on May 16, 2023. *See* Pa.R.A.P. 1925(b).

[3] We note with extreme displeasure the failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain 'a summary of argument and the complete argument for appellee.'" ***Commonwealth v. Pappas***, 845 A.2d 829, 835 (Pa. Super. 2004) (quoting Pa.R.A.P. 2112). In ***Pappas***, the panel referred to the Commonwealth's failure to file a proper
*(Footnote Continued Next Page)*

As a preliminary matter, we observe that although Jackson characterized his filing as a writ of *habeas corpus*, it is well-settled that the PCRA is intended to be the sole means of obtaining collateral relief after the judgment of sentence is final. **See** 42 Pa.C.S. § 9542; **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007). Jackson's writ appears to be challenging the legality of his sentence. "The PCRA provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." **Commonwealth v. Jackson**, 30 A.3d 516, 518 (Pa. Super. 2011) (quotation marks and citation omitted). Therefore, his claim is properly characterized as a PCRA petition.

Consequently, before we can reach the merits of Jackson's claims, we must first consider whether his PCRA petition was timely filed, as it implicates the jurisdiction of this Court. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised

appellee's brief as "unacceptable." **Id.** We echo that opinion and remind the appellee of the obligation to file an appellee's brief in future appeals.

therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

On the docket Jackson is challenging, CP-02-CR-0001908-1988, Jackson was sentenced on September 20, 1988. He did not file a direct appeal; therefore, his conviction became final on October 20, 1988, and Jackson had until November 19, 1988, to file a timely PCRA petition. Accordingly, this PCRA petition is patently untimely. Therefore, this Court lacks jurisdiction to consider the petition's merits unless Jackson pleaded and proved a timeliness exception. However, Jackson has not alleged that any timeliness exception applies. Accordingly, we lack jurisdiction to consider the petition's merits and affirm the court's order denying relief.[4]

Order Affirmed.

---

[4] The trial court filed an admirable and comprehensive decision which addressed Jackson's issues on the merits. As stated, we find that Jackson's petition should have been dismissed as an untimely PCRA petition. We may affirm on any basis, even if different than that relied upon by the trial court. ***See Commonwealth v. Toanone***, 553 A.2d 998, 1001 (Pa. Super. 1989).

Jackson has again requested this Court to transfer this appeal to the Commonwealth Court. He has twice requested this relief. ***See*** Motion to Transfer, 7/10/23, and Application for Relief, 9/13/23. We denied both requests. ***See*** Order, 8/22/23, and Order, 9/21/23. We again deny his request to transfer to the Commonwealth Court.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 03/15/2024